No. 478.—SAMUEL SNODGRASS, Appellant, v. THOMAS A. ADAMS, Appellee.

A sale of imported goods at the port of New Orleans in 1861 and 1862, while the city and State was under the control of the insurgents, did not impose on the vendor the obligation of warranty against eviction for the non-payment of duties to the United States. Under such circumstances, the purchaser is presumed to have contracted with reference to the fact that the duties had not been paid.

The vendee cannot maintain an action against the vendor to rescind the sale of imported goods on the ground that the duties had not been paid to the United States, when it is shown that the port was under the control of the insurgents at the time.

APPEAL from the Second District Court of New Orleans, *Howell*, J. *G. L. Bright*, Attorney for Appellant. *C. Roselius* and *A. Philips*, attorneys for appellee.

WYLY, J. On the seventh February, 1862, plaintiff purchased from the defendant three hundred and seventy-five rolls of India bagging, which had been imported by the defendant from a foreign country in the Spanish ship Monserrat, that had arrived at the port of New Orleans on the twenty-seventh of May, 1861. The duties thereon were collected by Mr. F. Hatch, then acting as collector of customs at this port for the Confederate States, but he had been commissioned by the United States. Plaintiff afterwards sold all the lot of bagging, except one hundred and twenty rolls, containing fourteen thousand four hundred yards, which were taken possession of by the United States, when the Federal forces captured the city, and are detained for the duties claimed to be due thereon to the United States government. On the eighth of December, 1862, plaintiff being informed of this seizure, notified the defendant thereof and demanded the return of the bagging to him again free of all claims of the United States, or the amount paid by him for the one hundred and twenty rolls, to wit: $3456, and the defendant refused to comply with the demand.

Plaintiff then instituted this suit for the rescision of the sale to the

Samuel Snodgrass, Appellant, v. Thomas A. Adams, Appellee.

extent of the one hundred and twenty rolls, and to recover the amount paid therefor by him as aforesaid.

Defendant answered, averring that when the cargo arrived at the customhouse on the twenty-seventh of May, 1861, it was regularly entered and the duties thereon duly paid; and having sold and delivered it to the plaintiff on the seventh of February, 1862, it remained thereafter at his risk.

On the trial in the lower court, there was judgment of non-suit, and plaintiff has appealed.

There is no dispute as to the facts. The question for us to determine is, whether the sale of the India bagging at the time imposed upon the defendant an obligation to warrant the purchaser against the payment of the import duties of the United States thereon.

Had the sale occurred under ordinary circumstances, whilst the Federal Government was in undisturbed administration of its revenue laws at the port of New Orleans, it would have imposed the obligation of warranty on the vendor to maintain the purchaser's peaceable possession of the thing sold against the claims of the Government for duties thereon, and against the claims of all other persons. Being in possession of a foreign fabric at this port, the defendant would have been presumed to have paid the duties to the Government, and the plaintiff who purchased it from him could have held him liable in warranty if evicted by the Government.

But on the seventh of February, 1862, when this sale was made, the vendor and the vendee knew that they were contracting in an insurrectionary district; that at the time and for twelve months previous the administration of the revenue laws of the United States had been obstructed, and the customhouse at this port was in possession of the so-called Confederate Government, which was collecting the duties.

The parties are presumed to have contracted in reference to the surrounding circumstances at the time. As the duties were not then being collected here by the United States on account of the rebellion, the plaintiff is presumed to have purchased the bagging at his own risk so far as the claims of the United States might extend for duties thereon. Under the circumstances, the contract of sale did not, in our opinion, create the obligation of warranty as against the United States.

Plaintiff bought the property in a rebellious State, at a time when the surrounding circumstances created the presumption that the duties had not been paid to the Federal Government—the parties evidently contracted in view of that fact.

We are of opinion that the District Judge did not err in rendering judgment of non-suit.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.

Mr. Justice Howell recused.